# CURRENT COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

### No. 186
#### FLICK v. PARAGON REFINING CO.
Ohio Court of Appeals, Sandusky County
No. 129, Jan. 6, 1923
This opinion has not been published except in Abstract.

OIL LEASE—(1) Abandonment of—(2) Redress for breach of implied covenant in.

KINKADE, J.:

Epitomized Opinion

Appeal from Sandusky Court of Common Pleas

Flick brought action to quiet title in himself to 50 acres of land against an oil and gas lease held by the Refining Co. It was proved that the Refining Co. had taken a lease upon 115 acres of land, that Flick's father, who owned the 115 acre tract, conveyed to Flick the 50 acre tract and that Flick's father made an agreement with the Refining Co. which provided that certain developments should take place on the remaining 65 acre tract but that no developments should take place on the 50 acre tract without consent of the father. It was also agreed that in the development of oil and gas properties in the 50 acre tract a direct and separate accounting should be made with Flick. He claimed that the agreement should be read as the equivalent of a formal abandonment by the Refining Co. of the lease in respect to the 50 acre tract since the Refining Co. had abandoned the entire lease for two years prior to the said agreement and but for the agreement would have no claim even to the 65 acre tract. Judgment for Flick in the lower court. Held by Court of Appeals in dismissing the petition:

1. In the absence of a forfeiture clause in an oil and gas lease and upon proof of compliance with the terms of said lease, a failure to develop the land leased for a period of two years will not be considered proof of the abandonment of said lease.

2. A breach of the implied covenant in the lease to develop the property would not work a forfeiture of the lease but would give rise only to a right of action of damages by the lessor or his successor.

Attorneys—E. R. Voorhees, for Flick; I. C. Taber, for the Refining Co.

### No. 187
#### ULE v. ROCKWELL
Ohio Court of Appeals, Cuyahoga County
No. 4178, Feb. 5, 1923
This opinion has not been published except in Abstract.

STATUTE IN DISCOVERY—Demurrer to.

PER CURIAM:

Epitomized Opinion

Error to Court of Common Pleas

Ule brought an action under the statute in discovery against Rockwell, in order to learn the identity of certain parties against whom he claimed to have a cause of action and he attached to his petition certain interrogatories along the line of his contention in the petition. Rockwell demurred and a judgment was entered dismissing the petition. Held by Court of Appeals in affirming the judgment:

1. A demurrer to a petition under the statute in discovery with certain interrogatories attached was rightfully sustained.

Attorneys—Turney & Sipe, for Ule; Baker, Hostetler & Sidlo, for Rockwell.

### No. 188
#### RAMSEYER v. SHEEHAN
Ohio Court of Appeals, Lucas County
No. 1273, Feb. 4, 1923
This opinion has not been published except in Abstract.

SLANDER—(1) Telephone communications as evidence—(2) Evidence bearing on measure of damage—(3) Conditional privilege—(4) Plea of privilege consistent with denial of allegations—(5) Wealth of defendant to determine damage—(6) Loss of profit figured to determine damage—(7) Misconduct of counsel.

CHITTENDEN, J.:

Epitomized Opinion

Error to Lucas County Court of Common Pleas

In accordance with advertisements of the County Commissioners of Lucas County, Sheehan submitted a bid for the construction of a sewer in a district known as Bancroft Hills, in which district Ramseyer has extensive interests. Sheehan alleged that Ramseyer appeared before the Board of Commissioners and stated that Sheehan was incompetent, irresponsible, and unqualified to perform said work. Sheehan sued for $20,000, as damages, for the alleged slanderous statements and was awarded $6,000. Ramseyer pleaded conditional privilege and now prosecutes error to this court on several counts and especially for the admission of certain evidence. Held by Court of Appeals in reversing the judgment:

1. Although telephone conversations are generally admitted as evidence there must be proof of the identity of the speakers by some fact or circumstance.

2. Evidence showing what percentage a contractor had figured as determining the damage sustained by loss of the contract is incompetent.

3. Statements made in good faith to the County Commissioners by Ramseyer influencing said commissioners in letting the contract for a sewer to be constructed wholly within the limits of lands owned by a company of which Ramseyer owned four-fifths, are privileged.

4. A denial by Ramseyer of the exact words alleged is not inconsistent with a plea of conditional privilege by Ramseyer. Privilege does not depend upon the words used but upon the place and circumstances under which they were used.

5. The wealth of a defendant in an action for slander may not be shown for the purpose of increasing the compensatory, exemplary or punitive damages. The syllabus of Steen v. Friend, 11 OD. 255, relied on by counsel is not Ohio law and is not justified by the opinion in that case. Wealth of defendant may be shown to determine his standing in the community and as effecting the influence of his statements.

6. Since it was not assured that Sheehan would have been awarded the contract, the loss of profit because of his failure to be awarded said contract cannot be used as a measure of damages.

7. Complaints of misconduct of counsel reported in the bill of exceptions but not based on evidence in the record is improper.

Attorneys—Conn & Hollaway, for Ramseyer; Garrison & Phillips, for Sheehan.